IN THE UNITED STATES DISTRICT COURT FOR THE
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                 Case No. 3:21-cr-29-MCR

BRIAN G. KOLFAGE,

    Defendant.
_____/

**UNOPPOSED MOTION TO PERMIT TELEPHONIC APPEARANCE
OR VIDEO TELECONFERENCE AT
<u>ARRAIGNMENT ON SUPERSEDING INDICTMENT</u>**

COMES NOW, Defendant Brian C. Kolfage, by and through his undersigned counsel, and, without opposition by the Government, moves this Court for an order permitting Mr. Kolfage and undersigned counsel to appear telephonically, or via video teleconference, at the July 21, 2021 hearing set to arraign Mr. Kolfage on the Superseding Indictment recently returned in this case. In support of the motion, Mr. Kolfage, through counsel, states as follows:

    1.    On July 6, 2021, the Superseding Indictment was returned in this case adding a third count against Defendant Kolfage alleging the filing of a false amended income tax return, in violation of 26, United States Code, Section 7206(1) (ECF

1

No.19). This third count arises from and relates to the same tax year that serves as the basis for the previously presented offenses in Counts One and Two of the Indictment in this case (ECF No. 1).

2. The following day, this Court granted undersigned counsel's pending motion to be admitted to this Court *pro hac vice* to represent Defendant Kolfage in this case (ECF No. 23), and undersigned counsel was accordingly recognized as Defendant Kolfage's counsel of record going forward in the case. This Court then set the case down for arraignment on the Superseding Indictment before the Honorable Elizabeth M. Timothy, Chief U.S. Magistrate Judge, on July 21, 2021 (ECF No. 25).

3. Based on his conversations with Assistant U.S. Attorney David L. Goldberg, one of the assigned prosecutors for this case, undersigned counsel understands that the upcoming hearing is not anticipated to be involved or lengthy. Mr. Kolfage is prepared to waive formal reading of the Superseding Indictment and further advisement on the charges and potential penalties and to enter not guilty pleas to each of its counts. Mr. Kolfage has been fully compliant with his pretrial release conditions to date, and undersigned counsel is given to understand that the Government would not oppose Mr. Kolfage's continued release on those conditions. It is not anticipated that the Court will be presented with any other issues to address at the time of arraignment.

4. Under the circumstances, neither undersigned counsel's nor Mr. Kolfage's personal appearance at the arraignment, it is respectfully submitted, would be necessary effectively to conduct and address the matters anticipated to be addressed at the Arraignment Hearing.

5. Undersigned counsel resides in the State of Colorado and practices law in Denver, Colorado and so would need to make a special trip to the Northern District of Florida, in the event that his personal appearance at this brief hearing were required. Mr. Kolfage, as the Court is aware, has a number of physical disabilities that makes his personal appearance more involved than personal appearances by fully-able bodied individuals.

6. Undersigned counsel has discussed this motion with Mr. Kolfage, who indicates that he does not feel the need to have counsel personally present with him at the upcoming arraignment.

7. The Federal Rules of Criminal Procedure do not mandate Defendant Kolfage's personal appearance. Rule 10(c) authorizes the Court to conduct arraignments via video teleconferencing if the defendant consents, and Rule 10(b) allows a court to completely waive a defendant's appearance at arraignment, in the event that the defendant and his counsel both execute a written waiver to that effect

and affirming that the defendant has received a copy of the indictment and is pleading not guilty.[1]

WHEREFORE, Defendant Kolfage respectfully requests that this Court permit him and his undersigned counsel to appear telephonically, or via video teleconference, at the July 21, 2021 Arraignment Hearing and that the Court enter an order to this effect.

## CERTIFICATE OF CONFERRAL

Undersigned counsel conferred with counsel for the government in this case, Assistant U.S. Attorney David L. Goldberg, and is advised that the government does not oppose motion and the relief requested herein "if the Court is so inclined."

RESPECTFULLY SUBMITTED this 13th day July, 2021.

                                        *s/ Kenneth M. Harmon*
                                        Kenneth M. Harmon
                                        Springer & Steinberg, P.C.
                                        Attorney for Defendant
                                        Member of the Colorado & New York Bars
                                        1600 Broadway, Suite 1200
                                        Denver, CO 80202
                                        (303)861-2800 Telephone
                                        (303)832-7116 Telecopier
                                        kharmon@springersteinberg.com

---

[1] Mr. Kolfage is not asking, by this motion, to be excused from appearing at an arraignment on the superseding indictment, only that he and his counsel be allowed to appear remotely. Both he and counsel are prepared, however, to execute the requisite Rule 10(b) written waiver, should the Court prefer to proceed via that route.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of July, 2021, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing on all counsel of record identified on the CM/ECF and transmitted in accordance with CM/ECF requirements.

*s/ Kenneth M. Harmon*
Kenneth M. Harmon
